UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV-15-5214-MWF (AGR) | Date: | September 23, 2015 |
| Title: | Roberto Aviles, et al. -v- Quik Pick Express, LLC, et al. | | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

      Deputy Clerk:                              Court Reporter:
      Rita Sanchez                                Not Reported

      Attorneys Present for Plaintiff:          Attorneys Present for Defendant:
      None Present                               None Present

**Proceedings (In Chambers):** ORDER RE DEFENDANT'S MOTION TO STAY AND COMPEL ARBITRATION [11]; PLAINTIFF'S MOTION TO REMAND [14]

      Before the Court is Plaintiff Roberto Aviles' Motion to Remand, filed on August 10, 2015. (Docket No. 14). Defendant Quik Pick Express filed an opposition on August 24, 2015 (Docket No. 16), to which Plaintiff replied on August 31, 2014. (Docket No. 19).

      Also before the Court is Defendant's Motion to Stay and Compel Arbitration, filed on August 3, 2015. (Docket No. 11). Plaintiff filed an opposition on August 24, 2015 (Docket No. 17), to which Defendant filed a reply on September 4, 2015. (Docket No. 20).

      For the reasons stated below, Plaintiff's Motion to Remand is **DENIED** *without prejudice*. The Court grants Plaintiff leave to amend the Complaint's putative class definition to clarify the facts that bear on the Court's jurisdiction. The Court's ruling on Defendant's Motion to Stay and Compel Arbitration is **STAYED** pending further briefing on the Plaintiff and putative class members' employment status.

## I.    BACKGROUND

      On June 9, 2015, Plaintiff initiated a class action lawsuit against Defendant in California state court alleging multiple California labor law violations. (Docket No. 1-6). According to the Complaint, Plaintiff brings suit on behalf of a putative class of truck drivers who signed subhaul agreements with Defendant to carry cargo from the

---

**CIVIL MINUTES—GENERAL**                          1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-5214-MWF (AGR)         Date:  September 23, 2015
Title:     Roberto Aviles, et al. -v- Quik Pick Express, LLC, et al.

Los Angeles and Long Beach harbors to other destinations within California.  (*Id.* ¶¶ 4–7).  Defendants allegedly misclassified Plaintiff and the putative class as "independent contractors" rather than employees, and consequently, *inter alia*, failed to pay wages, maintain time records, and reimburse expenses.  (*Id.* ¶¶ 25–98).

On July 10, 2015, Defendant removed the action to federal court under the authority of the Class Action Fairness Act ("CAFA").  (Docket No. 1).

On August 3, 2015, Defendant filed a Motion to Stay and Compel Arbitration.  (Docket No. 11).  Plaintiff filed an opposition on August 24, 2015 (Docket No. 17), to which Defendant filed a reply on September 4, 2015.  (Docket No. 20).

On August 10, 2015, Plaintiff Roberto Aviles filed a Motion to Remand, requesting the Court to remand the case to state court under CAFA's "local controversy" exception.  (Docket No. 14).  Defendant Quik Pick Express filed an opposition on August 24, 2015 (Docket No. 16), to which Plaintiff replied on August 31, 2014.  (Docket No. 19).

## II.  DISCUSSION

### A.  Motion to Remand

#### 1. Evidentiary objections

Defendant objects to the Declarations of Boris Symslov and Roberto Aviles, submitted in support of Plaintiff's Motion to Remand, on the grounds that (1) both declarations failed to comply with the requirements of 28 U.S.C. § 1746, (2) portions of the Aviles Declaration are irrelevant and speculative, and (3) portions of the Symslov Declaration lack foundation and are irrelevant.  (Docket No. 16, at 2–3).

Section 1746 requires that a declaration swear "under penalty of perjury that the foregoing is true and correct."  28 U.S.C. § 1746.  Although strict compliance is not necessary, the declaration must be made under penalty of perjury and must be attested to be true.  *Link Treasure Ltd. v. Baby Trend, Inc.*, 809 F. Supp. 2d 1191, 1195 (C.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-5214-MWF (AGR)                   Date:  September 23, 2015
Title:      Roberto Aviles, et al. -v- Quik Pick Express, LLC, et al.

Cal. 2011); *Davenport v. Bd. of Trustees of State Ctr. Cmty. Coll. Dist.*, 654 F. Supp. 2d 1073, 1083 (E.D. Cal. 2009).  *Cf. Schroeder v. McDonald,* 55 F.3d 454, 460 n. 10 (9th Cir. 1995) (accepting as valid a declaration that did not follow Section 1746 with precision, but asserted that statement was made under penalty of perjury that the contents were true and correct).

The Aviles and Symslov Declarations both contain statements that, if the declarant were "called as a witness and placed under oath, [he] could and would testify thereto."  (Docket Nos. 14-2, 14-3).  In addition, both also state that the declaration was "executed under penalty of perjury."  (*Id.*)  As Defendant points out, the declarations are, however, missing the necessary element that states the document is true.  (Docket No. 16, at 2).  *Davenport*, 654 F. Supp. 2d at 1083 ("Although a lack of swearing is not a fatal defect, the declaration must be made under penalty of perjury and must be attested to be true." (citations omitted)).

Defendant filed evidentiary objections to the declarations on August 24, 2015. (Docket No. 16-1).  Therefore, Plaintiff had ample notice of this deficiency, and could have remedied it by submitting sworn declarations.  Plaintiff failed to do so even though Plaintiff submitted a revised Aviles Declaration along with Plaintiff's reply to rebut evidence put forth in Defendant's opposition.  (Docket No. 19-3).

The Court concludes that the missing attestation regarding the truthfulness of the declaration is necessary to the Court's consideration of the declarations.  This is not a matter exalting form over substance.  The promise that the declarant will testify truthfully when called as a witness and placed under oath does not ensure the integrity of the declaration itself.  Furthermore, the notation of "under penalty of perjury" requires the corollary attestation that the declaration is true.

Accordingly, the Court **SUSTAINS** objection (1) and **OVERRULES** *as moot* objections (2) and (3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-5214-MWF (AGR)                    Date:  September 23, 2015
Title:       Roberto Aviles, et al. -v- Quik Pick Express, LLC, et al.

### 2. Obligation to meet and confer

The Court reminds Plaintiff of each party's obligation to adhere closely to the Local Rules of this District. Local Rule 7-3 requires counsel in most cases to meet and confer at least seven days prior to filing a motion in a civil matter. The meet-and-confer requirement assists in promoting the resolution of disputes without the Court's intervention. It also serves the important purpose of providing the opposing party sufficient notice as to the contents of a proposed motion and an opportunity to discuss the merits of the motion, or, at a minimum, negotiate a hearing date.

If the moving party fails to comply with Local Rule 7-3, the Court may refuse to hear the motion. *See, e.g.*, *Singer v. Live Nation Worldwide, Inc.*, No. SACV 11–0427 DOC (MLGx), 2012 WL 123146, *2 (C.D. Cal. Jan. 13, 2012) (denying motion due to the movant's failure to abide by Local Rule 7-3). After reading the communications attached as Exhibit 1 to Plaintiff's reply, the Court concludes that Plaintiff was not in strict compliance with the meet-and-confer requirements.

In reference to the Motion to Remand, counsel for Plaintiff indicated in his email dated August 3, 2015: "We will have to have a meet and confer on this issue before the above filing. Today, after I verify our position, I will give you further update." (Docket No.19, Ex. 1). From the correspondence, it does not appear that the parties conducted an actual meet and confer before Plaintiff filed the Motion to Remand on August 10, 2015. (Docket No. 14). The Court notes that, before August 3, there was some back-and-forth over email regarding whether Plaintiff would file the Motion, but per Plaintiff's email, Plaintiff was obligated to conduct an actual meet and confer with Defendant at least seven days before filing the Motion. Although the Court, in its discretion, will nonetheless rule on the merits of the dispute, any future failure to engage in the required meet-and-confer process will result in appropriate sanctions.

### 3. Local controversy exception

Even when a removing defendant shows that removal is otherwise proper under 28 U.S.C. § 1332(d)(2), the district court "may also be required to decline jurisdiction

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-5214-MWF (AGR)              Date:  September 23, 2015
Title:    Roberto Aviles, et al. -v- Quik Pick Express, LLC, et al.

under two exceptions: 28 U.S.C. § 1332(d) (4)(A), the 'local controversy' exception, and 28 U.S.C. § 1332(d)(4)(B), the 'home-state controversy' exception." *Corsino v. Perkins*, No. CV0909031 MMMCWX, 2010 WL 317418, at *4 (C.D. Cal. Jan. 19, 2010).

Plaintiff seeks to remand the case back to state court under CAFA's "local controversy" exception. This exception provides that a federal district court "shall decline to exercise [removal] jurisdiction ... over a class action in which—"

(I)     greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II)    at least 1 defendant is a defendant—(aa) from whom significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of the State in which the action was originally filed; and

(III)   principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed[.]

28 U.S.C. § 1332(d)(4)(A)(i).

The burden of proof for establishing the applicability of an exception to CAFA jurisdiction rests on the party seeking remand, which in this case, as in most cases, is the plaintiff. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007).

Defendant only contests Plaintiff's ability to demonstrate the first element. (Docket No. 16). Because Defendant concedes the remaining two elements in the brief, Plaintiff must thus establish that greater than two-thirds of prospective class members were citizens of California as of the date the case became removable. *See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-5214-MWF (AGR)					Date:  September 23, 2015
Title:	Roberto Aviles, et al. -v- Quik Pick Express, LLC, et al.

*Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 883 (9th Cir. 2013) ("Citizenship of the members of the proposed plaintiff classes shall be determined . . . as of the date of the filing of the complaint or amended complaint, or, if the case stated by the initial pleading is not subject to Federal jurisdiction, as of the date of service by plaintiffs of an amended pleading, motion, or other paper, indicating the existence of Federal jurisdiction.").

In Plaintiff's reply to the opposition, Plaintiff argues that "Defense Counsel has used the wrong class membership basis in opposing the Motion to Remand." (Docket No. 19). Instead, Plaintiff asserts that the class membership is defined as "[t]hose [H]arbor [D]rayage drivers who made pick ups and deliveries only in California and who were residents of California while working for the [H]arbor Drayage Trucking Companies." (*Id.* at 2).

As Defendant points out, California residency is not the same as California citizenship for purposes of the "local controversy" exception. (Docket No. 16, at 11). The diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (A "natural person's state citizenship is [] determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). Therefore, this putative class definition regarding California residents, rather than citizens, is insufficient alone to establish the two-thirds California *citizens* requirement under the "local controversy" exception.

Furthermore, the Court notes that Plaintiff defined the putative class in the Complaint as follows: "All regular and substitute Harbor Drayage Short Haul Truck Drivers employed by QPE in California, who are, or were, employed during the past four years and continuing after the filing of this Action and who were required to sign an employment agreement that mis-classified [sic] them as Independent Contractors." (Docket No. 1).

---

**CIVIL MINUTES—GENERAL**					6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-15-5214-MWF (AGR) | Date: September 23, 2015 |
| Title: Roberto Aviles, et al. -v- Quik Pick Express, LLC, et al. | |

Plaintiff has not sought leave of the Court to amend the Complaint or the definition of the putative class. And the redefinition of the putative class is an argument raised only in Plaintiff's reply brief, to which Defendant has not had an opportunity to respond. Therefore, any proposed revisions to the definition of the putative class, California residents or citizens notwithstanding, are not properly before the Court at this time. Nevertheless, in the Court's discretion, the Court finds that it would be premature to issue a final ruling on the Motion to Remand without permitting Plaintiff an opportunity to amend the Complaint and to clarify the definition of the putative class.

Ordinarily, "post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006). The Ninth Circuit, however, recently held that "plaintiffs should be permitted to amend a complaint after removal to clarify issues pertaining to federal jurisdiction under CAFA." *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1117 (9th Cir. 2015). The issue in *Benko* was not CAFA's minimal diversity requirement, but whether the in-state defendant was "significant" for purposes of the "local controversy exception" to CAFA jurisdiction. *Id.* at 1116–17 (quoting 28 U.S.C. § 1332(d)(4)(A)(i)). The Ninth Circuit explained that when "a defendant removes a case to federal court under CAFA, and the plaintiffs amend the complaint to explain the nature of the action for purposes of our jurisdictional analysis, we may consider the amended complaint to determine whether remand to the state court is appropriate." *Id.* at 1117. In *Benko*, "the Plaintiffs amended the [complaint] to elaborate on estimates of the percentage of total claims asserted against Meridian, an in-state Defendant, and the dollar value of those claims"—*i.e.*, information that "is directly related to CAFA's local controversy exception." *Id.*

Since *Benko*, district courts in the Ninth Circuit have followed suit and permitted amendments in considering motions to remand when the amendments clarify certain jurisdictional facts under CAFA's "local controversy" exception. *See, e.g.*, *Weight v. Active Network, Inc.*, 29 F. Supp. 3d 1289, 1293 (S.D. Cal. 2014) (granting removal after amendment to "California citizens" and recognizing that "Plaintiff's amended

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV-15-5214-MWF (AGR) | **Date:** September 23, 2015 |
| **Title:** Roberto Aviles, et al. -v- Quik Pick Express, LLC, et al. | |

complaint merely clarifies that his original intent was to litigate on behalf of California citizens only"); *In re Anthem*, *Inc.*, No. 15-CV-2873-LHK, 2015 WL 5265686, at *5-7 (N.D. Cal. Sept. 9, 2015) (granting removal after amendment to "[c]itizens of Missouri"); *Smilow v. Anthem Blue Cross Life & Health Ins. Co.,* No. CV 15–4556–MWF(AGRX), 2015 WL 4778824 (C.D. Cal. Aug. 13, 2015) (finding it appropriate to consider the plaintiff's amended complaint because "an amendment to change 'residents' of California to 'citizens' of California, in this case, would constitute a clarification" of the court's jurisdiction); *Wickens v. Blue Cross of California, Inc.,* No. 15CV834–GPC JMA, 2015 WL 4255129 (S.D. Cal. July 14, 2015) (permitting amendment when "the Complaint alleges claims against California based Defendants, alleges only California law causes of action, and the class was intended to be limited to individuals who entered into contracts with California corporations for future services in California"). *But see Schwartz v. Comcast Corp.,* No. CIV.A. 05-2340, 2005 WL 1799414, at *3 (E.D. Pa. July 28, 2005) (refusing to consider amended class definition for purposes of removal analysis).

The Court finds that the proposed revised class definition is to clarify the Complaint rather than to manipulate the forum. The facts here are demonstrably different from the facts in *Doyle v. OneWest Bank*. 764 F.3d 1097 (9th Cir. 2014) (per curiam). *Doyle* involved a putative nationwide class action that plaintiff tried to narrow after removal to a California-only class. *Id.* There, the Ninth Circuit held that the district court "should have determined the citizenship of the proposed plaintiff class based on Doyle's complaint 'as of the date the case became removable.' " *Id.* (quoting *Mondragon*, 736 F.3d at 883). *Doyle* not only predates *Benko* but is also distinguishable because the plaintiff there did not seek to merely clarify her complaint to aid in the federal court's jurisdictional analysis. Instead, the *Doyle* plaintiff sought to dramatically narrow the scope of the action from a nationwide class action to a statewide class action on behalf of California plaintiffs only.

In this action, there is sufficient evidence that Plaintiff has sought from the outset to represent California citizens only.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-5214-MWF (AGR)			Date:  September 23, 2015
Title:	Roberto Aviles, et al. -v- Quik Pick Express, LLC, et al.

    At the hearing, counsel for Defendant argued that Plaintiff's original Complaint demonstrated a broad intent to define the class as all Harbor Drayage short haul truck drivers employed by Defendant in California rather than the narrow intent to limit the class to California citizens only.  This may appear true if the Court were to examine only the definition of the putative class in the Complaint, but importantly, the Complaint alleges claims against a California-based Defendant (and other California-based Defendants Does 1 to 300), asserts only claims for relief arising under California law, and the "class was intended to be limited to individuals who entered into contracts with California corporations for future services in California." *Wickens v. Blue Cross of California, Inc.,* No. 15CV834–GPC JMA, 2015 WL 4255129 (S.D. Cal. July 14, 2015).  For example, the Complaint alleges that "other Defendants are Harbor Drayage short haul trucking company operating out of the Los Angeles and Long Beach Harbors to destinations within California, including various Rail Head Locations." (Docket No. 1, ¶ 7).  Plaintiff's eleven claims for relief all arise under California state law.  (*Id.* ¶¶ 25–98).  And the relevant conduct of the putative class members involves only truck drivers carrying cargo from the Los Angeles and Long Beach harbors to destinations within California.  (*Id.*  ¶ 7).  The Complaint as pled supports the claim that Plaintiff intended to limit the class to California citizens performing services for Defendant in California.

    The proposed change is not a wholesale amendment aimed to manipulate the forum, and accordingly, the Court permits Plaintiff leave to amend the Complaint to clarify the jurisdictional issues that bear on this Court's determination of whether removal is appropriate.  As the Ninth Circuit recognized in *Benko,* state court complaints "may not address CAFA-specific issues."  789 F.3d at 1117.  By allowing Plaintiff leave to amend the Complaint in these circumstances, Plaintiff "can provide [this Court] with the information required to determine whether a suit is within the [C]ourt's jurisdiction under CAFA."  *Id.*

    Accordingly, Plaintiff's Motion to Remand is **DENIED** *without prejudice* to Plaintiff's ability to renew the Motion after filing a First Amended Complaint.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-5214-MWF (AGR)                     Date:  September 23, 2015
Title:       Roberto Aviles, et al. -v- Quik Pick Express, LLC, et al.

### B.   Motion to Stay and Compel Arbitration

#### 1. FAA exemptions

Section 2 of the Federal Arbitration Act ("FAA") provides that a written agreement "to submit to arbitration an existing controversy arising out of . . . a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  To enforce the arbitration provision, an aggrieved party "may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." *Id.* § 4.  If, after hearing the parties, the district court is satisfied that "the making of the agreement for arbitration or the failure to comply therewith is not in issue," the court must order the parties "to proceed to arbitration in accordance with the terms of the agreement." *Id.*

The FAA's authority to compel arbitration does not extend to all arbitration agreements.  Under Section 2, the FAA applies only to contracts "evidencing a transaction involving commerce," or arising from a "maritime transaction." *Id.* § 2.  Furthermore, under Section 1, the FAA does not apply to "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." *Id.* § 1.  The Supreme Court affirmed in *Circuit City Stores, Inc. v. Adams* that Section 1 exempts interstate transportation workers from the FAA.  532 U.S. 105, 118 (2001).

Plaintiff opposes arbitration on the grounds, *inter alia*, that Plaintiff and putative class members are transportation workers exempt under Section 1.  (Opp. at 6).  Defendant counters that Plaintiff and the putative class members are independent contractors and therefore not employees with "employment contracts" as contemplated by Section 1.  (Mot. at 5).

The issue of whether Plaintiff and the putative class members' subhaul agreements with Defendant qualify as "employment contracts" is inextricably linked to the merits of Plaintiff's first cause of action, which alleges misclassification of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-15-5214-MWF (AGR) | Date: September 23, 2015 |
| Title: Roberto Aviles, et al. -v- Quik Pick Express, LLC, et al. | |

employees as independent contractors. (*See* Complaint, Docket No. 1, at 9). The characterization that Plaintiff and the putative class are employees, rather than independent contractors, is also the premise to several other causes of action asserted in the Complaint (*e.g.*, failure to pay wages, conversion of wages, failure to reimburse expenses, etc.). (*Id.*).

The Ninth Circuit has instructed district courts to first determine Section 1 exemption issues before reaching other questions regarding arbitrability and delegation of arbitrability to the arbitrator. *In re Van Dusen*, 654 F.3d 838, 844–46 (9th Cir. 2011) ("[W]hatever the contracting parties may or may not have agreed upon is a distinct inquiry from whether the FAA confers authority on the district court to compel arbitration."). This directive holds true even in cases where the Section 1 exemption issue is entangled with the merits of the underlying claims. *Id.*

Defendant has submitted declarations in support of the independent contractor classification. (Mot. at 5–9). Plaintiff, on the other hand, has provided no evidence in support of the alleged employment relationship between the putative class and Defendant. (Opp. at 7). Nevertheless, the Court agrees with Plaintiff that this is a triable threshold issue that requires more rigorous fact-finding than that would be afforded on the face of the briefs filed in relation to the Motion to Stay and Compel Arbitration. (*Id.*). The Court's authority to compel arbitration under "Section 4 has simply no applicability where Section 1 exempts a contract from the FAA." *Van Dusen*, 654 at 844.

Because employment status also goes to the heart of Plaintiff's case, the Court concludes that the parties should have an opportunity to submit additional extrinsic evidence that bears on the interpretation of the contract as well as Plaintiff and the putative class members' status as employees or independent contractors. *See, e.g.*, *Flinn v. CEVA Logistics U.S., Inc.*, No. 13-CV-2375 W BLM, 2014 WL 4215359, at *5 (S.D. Cal. Aug. 25, 2014) (considering plaintiff's declarations regarding the degree of control exercised by defendant over work assignments even though the terms of the contract provided differently in determining the applicability of the FAA under Section 1). In conjunction with the extrinsic evidence, the parties may also submit short, five-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-15-5214-MWF (AGR) | Date: September 23, 2015 |
| Title: Roberto Aviles, et al. -v- Quik Pick Express, LLC, et al. | |

page briefs regarding the disputed employment status. After taking the additional evidence and briefs under submission, the Court will then review whether the Court has enough information on the record to determine the applicability of the FAA to the arbitration provision. *Cf. Doe v. Swift Transp. Co., Inc.*, No. 2:10-cv-00899 JWS, 2015 WL 274092, at *3–*4 (D. Ariz. Jan. 22, 2015) (ordering discovery and trial on the question of plaintiffs' employment status to resolve the exemption and substantive issues underlying the case). As referenced above, the Court is reluctant to rely solely on the briefs submitted in relation to Defendant's Motion to Stay and Compel Arbitration to make a determination on an issue that may, in effect, result in summary judgment on multiple claims in the Complaint.

The Court must make a threshold determination as to the FAA's applicability to the subhaul agreements in question. Therefore the Court's determination of Defendant's Motion to Stay and Compel Arbitration is **STAYED** pending further briefing on Plaintiff and the putative class members' employment status.

### III.  CONCLUSION

Accordingly, Plaintiff's Motion to Remand is **DENIED** *without prejudice*. The Court's ruling on Defendant's Motion to Stay and Compel Arbitration is **STAYED** pending further briefing on Plaintiff and the putative class members' employment status.

The Court grants Plaintiff leave to file a First Amended Complaint, which Plaintiff shall file no later than fourteen days from the entry of this Order. Should Plaintiff intend to renew its Motion to Remand at that time, Plaintiff shall so indicate in a noticed motion to be filed the same day as the First Amended Complaint. Defendant and Plaintiff shall have the normal amount of time under the Local Rules to file the opposition and reply briefs, respectively.

Should the Court deny the renewed Motion to Remand, within fourteen days from the entry of the Court's Order denying the renewed Motion to Remand, the parties may submit any additional extrinsic evidence and/or brief (of no more than five pages) to support the parties' interpretation of the contract and Plaintiff and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-15-5214-MWF (AGR)          **Date:** September 23, 2015

Title:     Roberto Aviles, et al. -*v*- Quik Pick Express, LLC, et al.

putative class members' employment status. Any extrinsic evidence already submitted as a part of the Motion to Stay and Compel Arbitration briefing may be incorporated by reference.

       IT IS SO ORDERED.